**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-41078**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SHAWN L. SMITH,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**USDC No.5:97-CR-16-1**

**May 5, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

   Shawn L. Smith appeals his conviction, following a jury trial,

for being a felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1).  Maintaining that the evidence was insufficient

to support his conviction, he asserts that the Government did not

prove beyond a reasonable doubt that he possessed the firearm in

question.  Viewing the evidence in the light most favorable to the

jury's verdict and accepting its credibility determinations, the

_____

   [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence is sufficient to support Smith's conviction because the Government presented evidence supporting at least a plausible inference that Smith had knowledge of, and access to, the weapon in question. *See United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993); *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993).

Smith also claims that the district court violated his constitutional right of confrontation when it denied him the opportunity to cross-examine a Government witness about her previous drug use. The district court did not err in refusing to allow questions about such use. *See* FED. R. EVID. 608(b); *United States v. Williams*, 822 F.2d 512, 516-17 (5th Cir. 1987)(citing *Crimm v. Missouri Pacific R. Co.*, 750 F.2d 703, 707-08 (8th Cir. 1984), which held that illegal drug use or transactions, without more, do not show untruthfulness). Furthermore, even assuming error, it is harmless because Smith makes no showing that the inability to so question the witness affected his substantial rights. *United States v. Skipper*, 74 F.3d 608, 612 (5th Cir. 1996).

*AFFIRMED*